UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**YALE LARRY BALCAR et al.**                                                                 **PLAINTIFFS**

v.                                                                 **CIVIL ACTION NO. 3:16-CV-P687-GNS**

**KENTUCKY STATE REFORMATORY et al.**                                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiffs, Yale Larry Balcar and Carl J. Perry, Jr., *pro se*, have filed a complaint on this Court's 42 U.S.C. § 1983 form. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiffs, who are incarcerated at the Kentucky State Reformatory (KSR), name as Defendants KSR; the Kentucky Department of Corrections (KDOC); KSR Warden Aaron Smith; KSR Deputy Warden James Coynes; and KDOC Commissioner Rodney Ballard. They allege that Commissioner Ballard has restricted inmate accounts to no more than $1,000 each. They state that any money over $1,000 will be taken in violation of the Due Process and Takings Clauses of the Constitution. They also allege that Defendants KSR, Smith, and Coynes "are restrict or refusal to allow money to be credit to Balcar and Perry, Jr., inmate account and they are return it back to sender." They also state that they are not allowed to disburse money from their inmate accounts to their personal accounts "on the outside." Plaintiffs further allege that the "rule is the prison inmate account is a interest-bearing account and is require to paid all prisoners their interest on their money and KSR do not paid their interest at all" in violation of

the Due Process and Takings Clauses.  Finally, they allege that Defendants KSR, Smith, and Coynes seize their state pay, alleging that Defendants "want plaintiffs to paid for their legal postage to acess the court, legal copy, medical co-pay and their incarceration.  Plaintiffs has a right to their wages.  This is a due process claim.  And violate the taking clause of the Fifth Amendment."  Plaintiffs ask for various injunctive relief as well as monetary and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claim related to rule prohibiting more than $1,000 in prison account*

Plaintiffs allege that their inmate accounts are restricted to $1,000 each and that they are not allowed to disburse funds from their inmate accounts to "outside" personal bank accounts. However, according to their applications to proceed without prepayment of fees, neither Plaintiff has much money in his KSR account and neither inmate has an outside bank account. In fact, Plaintiff Balcar's inmate account had a six-month deposit average of less than $1 with a current balance of less than $.05 (DN 6). Plaintiff Perry's inmate account had a six-month deposit average of under $20 with a current account balance of less than $2 (DN 4).

"Standing is 'the threshold question in every federal case.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To satisfy the Constitution's requirement that the plaintiff bringing the action has standing to do so, "a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be fairly traceable to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury." *Id.* (internal quotation marks omitted). Neither Plaintiff has funds approaching the $1,000 limit on inmate accounts, and neither Plaintiff alleges a reason to believe that his economic situation will change. Further, neither Plaintiff has an "outside" bank account. Thus, Plaintiffs lack standing regarding allegations that inmate prison accounts are restricted to no more than $1,000 or that they should be allowed to disburse money from their prison trust account to personal bank accounts "on the outside." For this reason, this claim will be dismissed.

### *Claim related to return of money*

Plaintiffs allege simply that Defendants "restrict or refus[e] to allow money to be credit to Balcar and Perry, Jr., inmate account and they . . . return it back to sender." Plaintiffs offer no

specifics. It seems unlikely that Defendants would refuse properly made contributions to Plaintiffs' inmate accounts given that, under Kentucky Department of Corrections Policy and Procedure (CPP) 15.7(II)(D), "If an inmate owes the institution money or restitution, incoming funds to the inmate's account shall be applied to outstanding debts . . . ." And, according to the complaint, in fact, money is being taken out of Plaintiffs' accounts to pay for Plaintiffs' debts to KSR. Therefore, the Court finds that this claim frivolous. *See Battle v. Cent. State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990) (noting factual allegations in a complaint may be "clearly baseless" and therefore frivolous in a § 1915 context if they are contradicted by other allegations in the complaint).

### *Claim related to interest on trust account*

Plaintiffs allege that their inmate accounts are interest-bearing, but that they have not been paid any interest. Plaintiffs cite to no authority that KSR is required to pay interest on their trust accounts. They state that the "rule is the prison inmate account is a interest-bearing account." The Court notes that CPP 15.7(II) states: "Any interest earned shall be used strictly for the benefit of inmates." Thus, this policy and procedure does not mandate that interest be paid. Even if such an institutional rule exists, the violation of that rule does not rise to a constitutional violation. The failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation. *See Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992) (holding that failure to comply with an administrative rule does not by itself give rise to a constitutional violation).

Even if the failure to pay Plaintiffs interest is a misuse of Plaintiff's funds, such an allegation fails to state a § 1983 claim because generally the misuse of jail funds does not establish a violation of an inmate's constitutional rights under § 1983. *See, e.g., Blanton v.*

4

*Bedford Cty. Sheriff's Dept.*, No. 4:15-cv-14-HSM-WBC, 2016 WL 447490, at *3 (E.D. Tenn. Feb. 4, 2016); *Knight v. Montgomery Cty. Jail*, No. 3:15-cv-00309, 2015 WL 1549275, at *3 (M.D. Tenn. Apr. 8, 2015) ("The alleged theft or misuse of jail funds does not establish a violation of an inmate's constitutional rights sounding in § 1983."). Consequently, the Court will dismiss this claim.

### *Claim regarding seizure of state pay*

Plaintiffs have not stated a constitutional claim with regard to the withdrawal of funds from their trust accounts which they allege occurs to pay for postage, copies, medical co-pays, and for the cost of their incarceration. Withdrawing funds to pay court costs, fees, and the cost of confinement does not violate an inmate's constitutional rights under the Fifth Amendment. *See Bailey v. Carter*, 15 F. App'x 245, 249 (6th Cir. 2001) (holding that charging inmates per diem or co-pay fees does not violate the Fifth Amendment because the inmates receive services (housing, food, and medical care) in exchange for the fees). Thus, Plaintiffs have not alleged a Fifth Amendment violation.

Further, the Sixth Circuit has held that the Fourteenth Amendment Due Process Clause does not require the state to provide inmates with a predeprivation hearing prior to assessing fees against them. *Sickles v. Campbell Cty., Ky.*, 501 F.3d 726, 730-32 (6th Cir. 2007); *Cole v. Warren Cty., Ky.*, No. 1:11-CV-00189-JHM, 2012 WL 1950419, at *6-8 (W.D. Ky. May 30, 2012) (finding no Fourteenth Amendment violation when defendants deducted fees from plaintiffs' inmate accounts that were not authorized by statute); *Harper v. Oldham Cty. Jail*, No. 3:10CV-P735-S, 2011 WL 1399771, at *6 (W.D. Ky. Apr. 13, 2011) (finding that the Oldham County Jail was not required to provide plaintiffs with a predeprivation hearing before assessing per diem fees). "In § 1983 damage suits claiming the deprivation of a property interest without

5

procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiffs have failed to allege an inadequacy of state remedies in the case at bar and have, therefore, failed to allege a Fourteenth Amendment violation as well.

### III. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: January 11, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.009